**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SKYPORT GLOBAL | § | CASE NO. 08-36737-H4-11 |
| COMMUNICATIONS, INC., | § | |
| Debtor | § | (Chapter 11) |
| | § | |
| SKYPORT GLOBAL | § | ADV. NO. _____ |
| COMMUNICATIONS, INC., | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | |
| DRILLSITE BROADCAST CO. | § | |
| | § | |
| | § | |
| Defendant | § | |

**COMPLAINT FOR TURNOVER OF PROPERTY OF THE ESTATE, BREACH OF
CONTRACT, TO AVOID FRAUDULENT TRANSFER, AND FOR OTHER RELIEF
AND OBJECTION TO CLAIM #49**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THIS IS AN OBJECTION TO YOUR CLAIM.  THE OBJECTING PARTY IS SEEKING TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE.  YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE.  IF YOU DO NOT REACH AN AGREEMENT, YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE OBJECTING PARTY WITHIN TWENTY (20) AFTER THE OBJECTION WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID.  IF YOU DO NOT FILE A RESPONSE WITHIN TWENTY (20) DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED.
 *******************************************************************************

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Comes now the Plaintiff, SKYPORT GLOBAL COMMUNICATIONS, INC. ("Debtor" or "SkyPort"), and files this Complaint and respectfully states as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction by virtue of 28 U.S.C. §§ 157 and 1334.  Venue is proper in this district pursuant to 28 U.S.C.  §§ 1408 and 1409.

2.      This is a core proceeding under 28 U.S.C. § 157(A),(E), (H) and (O).

## PARTIES

3.      The Plaintiff is the Debtor-in-Possession in the above-captioned bankruptcy estate.  Under Section 1107(a), the Debtor is empowered to bring this action.

4.      The Defendant, Drillsite Broadcast Company ("Defendant"), is a corporation formed under the laws of Delaware that can be served with process under Bankruptcy Rule 7004(b) by mailing a copy of the Summons, Complaint and Scheduling Order to any officer at the Defendant's principal place of business, 1225 East Crosby Road, Ste A4, Carrolton, TX, 75006, via first class mail, postage prepaid.  Because this Complaint contains an objection to a proof of claim, a copy of the disputed claim will accompany the Complaint.

## FACTUAL BACKGROUND

5.      This Chapter 11 bankruptcy case was filed on October 24, 2008 ("Petition Date") under Chapter 11 of Title 11 of the Bankruptcy Code, 11 U.S.C. §§101 et sq. (the "Bankruptcy Code").   The Debtor continues to operate its business and manage its property as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Debtor's bankruptcy case and no official committee of unsecured creditors has been established.

6.      The Debtor was insolvent at all times between February 6, 2008 and the petition date.

7.      On February 6, 2008, Defendant entered into a contract for satellite service with the Debtor entitled a "network services agreement".  The Agreement provided for a 12-month

term.  Each monthly payment would be $58,220.

8.      The Agreement required monthly billing and monthly payments by Defendant.

In the event of a breach by Defendant, the contract requires:

> In the event of termination, SkyPort shall accelerate all applicable Monthly Recurring Service Charges for the balance of the Term Including other fees and payments due under this Agreement with respect to the terminated Services, and Customer shall immediately pay to SkyPort as liquidated damages for default or breach of the Agreement, and not as a penalty, the entire amount of such charges, fees, and payments (discounted to the date of acceleration at a rate of five percent (5%) per annum), plus all other charges. fees, and payments that had accrued prior to the date of the Customer's default or breach. together with all other costs and expenses of collection. including reasonable attorneys' fees.

9.      The Debtor provided network services and equipment to Defendant worth $207,422.37 before it shut Defendant off.  Specifically, the Debtor provided Defendant satellite service and goods by the following invoices and received the following credits:

| INV  0001917 | SLS | 4/4/2008 | $105,431.17 |
| RTN00000000000047 | | 12/1/2008 | ($5,400.00) |
| INV 0001930 | SLS | 4/23/2008 | $3,253.80 |
| INV 0001948 | SLS | 5/5/2008 | $6,489.00 |
| INV 0001985` | SLS | 5/23/2008 | $978.00 |
| INV 0001986 | SLS | 5/27/2008 | $3,378.00 |
| INV 0002030 | SLS | 6/25/2008 | $10,276.40 |
| PYMNT000000002059 | | 7/25/2008 | ($9,246.00) |
| INV 0002075 | SLS | 7/1/2008 | $40,754.00 |
| PYMNT000000002095 | | 8/21/2008 | ($5,000.00) |
| PYMNT000000002104 | | 8/26/2008 | ($5,000.00) |
| PYMNT000000002126 | | 9/12/2008 | ($10,000.00) |

| PYMNT000000002140 | | 10/1/2008 | ($10,000.00) |
| INV 0002108 | SLS | 8/1/2008 | $40,754.00 |
| INV 0002127 | SLS | 9/1/2008 | $40,754.00 |

10.     The total amount owed on the invoices, after credit of all offsets, is $207,422.37.  As a result of non-payment, the Debtor ceased to provide Drillsite service.

11.     The Network Services Agreement provides that SkyPort may recover legal fees and costs associated with collection.

12.     Defendant has not paid the amount owed and has not returned any goods.

13.     Defendant received satellite service worth $207,422.37 without paying any consideration to the Debtor while the Debtor was insolvent.

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT AND QUANTUM MERUIT

14.     Defendant breached the Network Services Agreement.  The breach occurred when defendant paid to pay the April 4, 2008 invoice by May 15, 2008.  The breach of the Network services agreement occurred on or about September 11, 2008.

15.     As a result of the breach, Defendant owes $207,422.37 in direct damages for breach of the agreement, as well as attorney fees and costs, and an additional $276,545 in liquidated damages.

16.     The total amount owed the Debtor for breach of contract, exclusive of attorney's fees, interest and costs, is $483,967.37.  The Debtor is also entitled to prejudgment interest from the date of breach until judgment and post-judgment interest at the federal rate.

17.     If it is found that the network services agreement entered into between Debtor and Defendant is invalid or unenforceable for any reason, then the Debtor gave value to Defendant for which it received no equivalent value.  Debtor asserts that the requisites of a

quantum meruit claim have been met by it in the amount of at least $207,422.37.

## SECOND CAUSE OF ACTION – UNJUST ENRICHMENT

18.     Defendant has been unjustly enriched by the receipt of satellite service and equipment for which it delivered no equivalent value, and which it obtained through inequitable means.

## THIRD CAUSE OF ACTION – TURNOVER OF PROPERTY OF THE ESTATE

19.     The Debtor gave goods (satellite equipment) to the Defendant based on the Network Services Agreement.  The goods and/or the funds used to purchase the goods, are property of the estate pursuant to 11 U.S.C. §541.  The satellite equipment could be used to pay creditors of the estate.  The goods/satellite equipment are in the possession of Defendant and are of value to the estate.

20.     The Debtor is entitled to a return of satellite equipment in the hands of the Defendant.  Alternatively, the Debtor is entitled to a return of the value of the equipment.

## FOURTH CAUSE OF ACTION – ATTORNEY'S FEES AND COSTS

21.     Under the Network Services Agreement, the Debtor is permitted to collect attorney's fees and costs of collection.  The Debtor has incurred such fees and costs pursuing this suit.  Accordingly, the Debtor is entitled to its reasonable attorney's fees and costs.

22.     The Debtor made written demands over 30 days before filing suit.

## FIFTH CAUSE OF ACTION – FRAUDULENT TRANSFER

23.     Under 11 U.S.C. §548 and 550, the Debtor in Possession may avoid transfers from the Debtor made while the Debtor was insolvent and for which the Debtor did not receive reasonably equivalent value.

24.     The Debtor provided satellite equipment and service worth in excess of

$200,000 to the Defendant within the two years preceding bankruptcy.  The Debtor did not receive reasonably equivalent value for those transfers.  The Debtor was insolvent when the transfers were made.  Written demand for return of the goods/funds has been made and the Defendant has refused to return them.  To the extent that

25.     Accordingly, pursuant to 11 U.S.C. §550, the Debtor's estate is entitled to recover the property or its value from the initial transferee – here – Defendant.

## OBJECTION TO CLAIM

26.     Under 11 U.S.C. §502 and Fed. R. Bankr. P. 3007, the Debtor objects to the claim of Defendant (claim #49).  The Debtor may combine the claim objection with an adversary proceeding.  The Defendant's proof of claim is facially invalid and contains no supporting documentation.  The Debtor does not owe the Defendant.  To the contrary, the Defendant breached the contract and owes the Debtor over $400,000.

27.     On February 4, 2009, demand was made upon Defendant to return the money and goods transferred.  Defendant has not returned the Avoidable Transfers.

28.     Section 502(d) of the Bankruptcy Code provides a self-help remedy for debtors-in-possession to encourage voluntary return of avoidable transfers.  It reads, in relevant part:

> . . . the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.

11 U.S.C. §502(d).

29.     The Debtor believes that Section 502(d) need not require an avoidance action.  However, this proceeding also seeks avoidance of transfers of goods and services under 11 U.S.C. §548 and 550.

30.     The Debtor also seeks a determination of the extent, validity and priority of any claims of Drillsite.  The Debtor requests that all claims of Defendant be disallowed in their entirety.

WHEREFORE, Plaintiff prays that the Defendant be cited to appear and answer, and that on final trial, Plaintiff have:

i.      Judgment against Defendant in the amount of $483,967.37;
ii.     Pre-judgment interest as provided by law;
iii.    Post-judgment interest as provided by law from the date of the judgment until paid;
iv.     Costs of suit;
v.      Legal fees and costs,
vi.     Or, alternatively, relief under Counts 2, 3 or 5 stated above, and
vii.    The disallowance of all claims by Drillsite; and that
viii.   The Court grant such other and further relief as is just and proper.

Dated:  April 27, 2009.

Respectfully submitted,

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

By:_____
EDWARD L. ROTHBERG  ECF
State Bar No. 17313990
HUGH M. RAY, III
State Bar No. 24004246
Eleven Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone: (713) 961-9045
Facsimile: (713) 961-5341

ATTORNEYS FOR DEBTOR-IN-POSSESSION