Collin D. Porterfield
Texas Bar # 16159900
5956 Sherry Lane
Suite 1616
Dallas TX 75225
214-265-4455
888-381-7760 fax
collin@cdp-law.com
ATTORNEY FOR DEFENDANT
DRILLSITE BROADCAST CO.
(pending admission pro hac vice)

United States Courts
Southern District of Texas
FILED

JUN 0 3 2009

Michael N. Milby, Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| SKYPORT GLOBAL COMMUNICATIONS, INC., | § § § § | CASE NO. 08-36737-H4-11 |
| Debtor | § § § | (Chapter 11) |
| SKYPORT GLOBAL COMMUNICATIONS, INC., | § § § | ADV. NO. 09-03157 |
| Plaintiff, | § § § | |
| v. | § § § | |
| DRILLSITE BROADCAST CO., | § § § | |
| Defendant. | § | |

**DEFENDANT'S ORIGINAL ANSWER TO COMPLAINT (#1), AFFIRMATIVE DEFENSES AND RESPONSE TO OBJECTION TO CLAIM (#49)**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Comes now the Defendant, DRILLSITE BROADCAST CO. ("Defendant" or "Drillsite"), and answers the Complaint (Document #1) filed by SKYPORT GLOBAL COMMUNICATIONS, INC., ("Debtor" or "Skyport"), and respectfully states as follows:

## I. ADMISSIONS AND DENIALS

1.      Paragraph 5 does not call for an admission or denial.

2.      Defendant cannot admit or deny paragraph 6 because Defendant has no knowledge of whether and when the Debtor was insolvent.

3.      Defendant admits the allegations in paragraph 7 except for the last sentence regarding monthly payments, which Defendant denies.

4.      Defendant admits the allegation in the first sentence of paragraph 8. The second sentence does not require an admission or denial, however, Defendant admits that the quoted provision is in the contract. Defendant specifically denies that such language is enforceable as a liquidated damage clause because it is a actually an unreasonable penalty.

5.      Defendant denies the allegations in the paragraph 9, except to the extent that Defendant admits it received the invoices. Defendant denies that the credits are properly posted or that the invoices were accurate.

6.      Defendant denies the allegations in the paragraph 10. Defendant specifically denies that Debtor ceased service as a result of any breach by Defendant and denies that Debtor properly accelerated or that acceleration was enforceable.

7.      Defendant admits the allegations in the paragraph 11 with the qualification that the contract provides the prevailing party in litigation may recover its court costs and attorney fees.

8.      Defendant denies the allegations in the paragraph 12 because it disputes the amount Debtor claims it is owed. Defendant admits that it has in its possession property that it will return to the Debtor with proper credit for such items on the account of Defendant.

9.      Defendant denies the allegations in the paragraph 13, except that it can either admit or deny that Debtor was insolvent because Defendant has no knowledge of

that fact.

10. Defendant denies the allegations in the paragraph 14.

11. Defendant denies the allegations in the paragraph 15. Defendant specifically denies that the liquidated damages clause is enforceable.

12. Defendant denies the allegations in the paragraph 16.

13. Defendant denies the allegations in the paragraph 17. Defendant specifically denies that Debtor can recover in Quantum Meruit when there is a written contract.

14. Defendant denies the allegations in the paragraph 18.

15. Defendant denies the allegations in the first sentence of paragraph 19. Defendant admits that any property of Debtor in Defendant's possession is are property of the estate, and Defendant admits the remainder of paragraph 19.

16. Defendant admits that the Debtor is entitled to a return of satellite equipment in the hands of Defendant upon proper credit to the alleged amounts that Debtor claims Defendant owes Debtor.

17. Defendant admits the allegations in the paragraph 21 with the qualification that the contract provides the prevailing party in litigation may recover its court costs and attorney fees. Defendant denies that the Debtor is entitled to its reasonable attorney's fees and costs.

18. Defendant denies the allegations in the paragraph 22.

19. Paragraph 23 is a statement of the law and does not require an admission or denial.

20. Defendant incorporates is above denials and denies the allegations made in paragraph 24.

21. Defendant admits that the Debtor is entitled to return of property of the estate. Defendant is happy to arrange for return of such equipment with the proper

credit being made to Defendant's account.

## II. RESPONSE OBJECTION TO CLAIM

22. Defendant denies that Debtor is not indebted to Defendant, and Defendant will appropriately amend its proof of claim in order to provide proper documentation to show the damages caused by Debtor's breach of the contract. Defendant denies that it is indebted to the Debtor.

23. Defendant denies the allegations made in paragraph 27.

24. Defendant denies that its claim should be disallowed.

25. Defendant denies that Debtor is entitled to avoid transfers with first returning the consideration paid by Defendant for those transfers or crediting Defendant's account for the property sought to be returned.

26. Defendant denies its claim (#49) should be denied.

## III. AFFIRMATIVE DEFENSES

27. Defendant asserts that upon proper credit for returned property, proper credit for all payments made to Debtor, and corrections to the erroneous invoicing, Debtor has been over-paid. The erroneous invoicing consists of charges for shipping costs of equipment when Defendant paid a third party shipper, double charges for site DBS005 and full month charges when some of the sites were commissioned for only partial months.

28. Defendant asserts that Debtor is estopped to claim any damages, especially liquidated damages, after it ceased providing services to Defendant. Debtor's cessation was not the result of a breach by Defendant but was in fact a breach by Debtor because Debtor began using bandwidth promised to Defendant for purposes of serving FEMA after Hurricane Ike in Houston, Texas.

29. Defendant asserts that the liquidated damages clause is actually an unenforceable penalty both as written and as applied by Debtor.

30. Defendant asserts that in the event that it owes Debtor any money, Defendant is entitled to an offset for the amount that Debtor cost Defendant when Debtor breached the contract by turning off the services.

## IV. CONCLUSION

WHEREFORE, Defendant requests that the Court enter judgment that the Plaintiff take nothing on its Complaint, allow Defendant's claim (#49), dismiss Debtor's Complaint with prejudice, assess costs and fees against Debtor and grant such other and further relief as is just and proper.

Dated: June 1, 2009.

Respectfully submitted,

*/s/ Collin Porterfield*
Collin Porterfield, Esq.
Texas Bar #16159600
5956 Sherry lane
Suite 1616
Dallas, Texas 75225
Tel. 214-265-4455
Fax 888-381-7760
**ATTORNEY FOR DEFENDANT**
**DRILLSITE BROADCAST CO.**
**(pending admission pro hac vice)**

## CERTIFICATE OF SERVICE

I certify that I caused this document to be served upon counsel for the Debtor, by facsimile on this 1st day of June, 2009.

Edward Rothberg, Esq.
WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
Eleven Greenway Plaza, Suite 1400
Houston, Texas 77046
Facsimile: (713) 961-5341

*/s/ Collin Porterfield*
Collin Porterfield, Esq.